**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Aneerah S. Lee, | : | Civil Action |
| | : | |
| Plaintiff | : | No. |
| | : | |
| vs. | : | **Jury Trial Demanded** |
| | : | |
| T.U.C.S. Cleaning Services, Inc. and | : | |
| Edward Johnson, | : | |
| | : | |
| Defendants | : | |

## COMPLAINT

## INTRODUCTION

1.     Plaintiff Aneerah S. Lee ("Lee") is suing her former employer, TUCS Cleaning Services, Inc. ("TUCS"), and her former boss, Edward Johnson ("Johnson"), for sexual harassment and sex discrimination.

2.     Lee brings her case under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, 43 Pa. C.S.A. §§ 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO"), Phila. Code §9-1100, *et seq.* ("PFPO"). Lee seeks back pay, reinstatement or front pay, loss of earnings capacity, compensatory damages, punitive damages (under Title VII and the PFPO only), interest, negative tax consequence damages, injunctive relief, and attorney's fees and costs.

## JURISDICTION AND VENUE

3.     This Court has original jurisdiction to hear this action and adjudicate the claims herein pursuant to 28 U.S.C. §§ 1331, 1343.

4.     All jurisdictional prerequisites to bringing this action have been satisfied because:

     (a)      On May 20, 2016, Plaintiff timely filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC"), which Lee dual-filed with the Equal Employment Opportunity Commission ("EEOC");

     (b)      In or around August or September 2022, the PHRC closed Lee's Complaint. Any civil action under the PHRA must be filed in court within two years after notice from the PHRC that it is closing the complaint; and

     (c)      On October 4, 2022, the EEOC issued a Dismissal and Notice of Rights Notice.

5.     Venue is appropriate in the Eastern District of Pennsylvania because the events or omissions giving rise to Lee's claims occurred therein and because Defendants are doing business and/or may be served with process therein.

**THE PARTIES**

6.     Lee is an adult female and is a citizen and resident of the United States. Plaintiff resides in Upper Darby, Pennsylvania.

7.     TUCS is a domestic corporation with a principal place of business located at 615 Chestnut Street, Philadelphia, PA 19106.

8.     TUCS employs employees 500-1,000 employees.

9.     TUCS is an employer within the meaning of Title VII, the PHRA, and the PFPO.

10.     Johnson is an adult male and is a citizen and resident of the United States.

11.     At all relevant times, Johnson was a supervisor with TUCS, assigned to West Philadelphia High School.

12.     At all relevant times, TUCS acted by and through its agents and/or employees.

# FACTS

## Sexual Harassment and Sex Discrimination are Foreseeable

13.     In 2016, almost 7,000 sexual harassment charges were filed with the EEOC, 82% by women, according to an analysis performed by the National Women's Law Center.[1] *See* https://nwlc.org/wp-content/uploads/2018/08/SexualHarassmentReport.pdf (last visited December 29, 2022).

14.     According to a 2017 survey performed by the Pew Research Center, "[a]bout four-in-ten working women (42%) in the United States say they have faced discrimination on the job because of their gender." *See* https://www.pewresearch.org/fact-tank/2017/12/14/gender-discrimination-comes-in-many-forms-for-todays-working-women/ (last visited December 29, 2022).

15.     Despite foreseeability of both sexual harassment and sex discrimination, TUCS hired Human Resources personnel who were not qualified to implement and follow policies prohibiting harassment and discrimination laws.

16.     Despite foreseeability of both sexual harassment and sex discrimination, TUCS did not adequately train its managers to follow policies prohibiting sexual harassment and sex discrimination.

17.     Despite foreseeability of both sexual harassment and sex discrimination, TUCS failed to supervise its managers to ensure they followed policies prohibiting sexual harassment and sex discrimination.

18.     Although foreseeable, TUCS failed to prevent sexual harassment and sex discrimination against Lee.

---

[1] This number does not include charges filed with state or local Fair Employment Practices Agencies.

## **Lee's Employment with TUCS**

19.    TUCS provides professional facility management, operations, and maintenance services for private and publics clients throughout Pennsylvania, New Jersey, New York, Delaware, and Maryland. Its services include general office cleaning, porter and matron, floor maintenance, carpet care, marble restoration and cleaning, metal refinishing and maintenance, window and upholstery cleaning, blind cleaning, construction clean-up, and lighting maintenance and replacement.

20.    On October 7, 2015, Lee began working for TUCS.

21.    Lee's performed janitorial work while employed with TUCS.

22.    At all relevant times, Lee was qualified for this position based on Lee's previous experience and because Lee met TUCS's qualifications and reasonable expectations for the position.

23.    At all relevant times, TUCS assigned Lee to work at West Philadelphia High School.

24.    At all relevant times, Johnson was Lee's supervisor.

25.    From October 2015 through January 2016, Johnson sexually harassed Lee. For example:

      (a)    Johnson groped Lee's breasts and buttocks.

      (b)    Johnson asked Lee to go into the locker room with him for sexual activity.

      (c)    Johnson asked Lee to have sex with him.

      (d)    Johnson regularly made sexual comments to Lee like "I need a dick suck," "You never gave me no sex," and "When are you going to give me some?"

      (e)    Johnson told Lee's co-workers that he and Lee were (sexually) messing around.

26.     Johnson's sexual advances were unwelcomed and Lee refused Johnson's sexual advances.

27.     In late January 2016, Johnson let Lee go from the West Philadelphia High School site. TUCS told Lee that she was put on a floater list, which meant that TUCS would call Lee to work at various locations on an as-needed basis.

28.     TUCS never called Lee back to work.

29.     Lee contacted TUCS every other week to inquire about her employment with TUCS and was told that she was on a floater list and that TUCS would call Lee when they needed her to work.

30.     On April 4, 2016, TUCS fired Lee. TUCS claimed that Lee had been late for work.

31.     On April 4, 2016, TUCS issued an "Employee Warning Notice" with an alleged warning date of January 20, 2016. The Employee Warning Notice claims that Lee "was out too many days and was late too many times due to baby sitting issues." The Employee Warning Notice states that the action taken was "Termination last day worked 1-19-2016."

32.     Despite an alleged warning date of January 20, 2016, TUCS did not issue this "Employee Warning Notice" until April 4, 2016.

33.     During Lee's employment with TUCS, Lee did not receive any discipline other than the "Employee Warning Notice."

34.     During Lee's employment with TUCS, no one warned Lee about any attendance or tardiness issues.

35.     Upon information and belief, Johnson caused Lee to be fired because Lee refused Johnson's sexual advances.

36.     Upon information and belief, TUCS also fired Lee because she is a female with children.

## Count I
## Quid Pro Quo Sexual Harassment
## (Title VII, PHRA, and PFPO)

37.     Paragraphs 1 through 36 are incorporated herein by reference as though set forth in full.

38.     As averred above, throughout Lee's employment with TUCS, Johnson sexually harassed Lee. The sexually harassing conduct was inflicted upon Lee because of her female sex.

39.     At all times, Johnson's sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature was unwelcome.

40.     Lee's submission to Johnson's conduct was made either explicitly or implicitly a term or condition of Lee's employment with TUCS.

41.     Defendants used Lee's rejection of Johnson's conduct as the basis of employment decisions affecting Lee.

42.     Defendants violated Title VII, the PHRA, and the PFPO.

43.     Johnson aided and abetted TUCS' unlawful treatment of Lee in violation of the PHRA and the PFPO.

44.     Defendants' conduct has been intentional, deliberate, willful, and with callous disregard of Lee's rights.

45.     Defendants' actions detrimentally affected Lee and have caused Lee to suffer from emotional distress and lost wages.

**Count II**
**Sexual Harassment/Hostile Work Environment**
**(Title VII, PHRA, and PFPO)**

46.     Paragraphs 1 through 45 are incorporated herein by reference as though set forth in full.

47.     As averred above, throughout Lee's employment with TUCS, Johnson sexually harassed Lee. The sexually harassing conduct was inflicted upon Lee because of her female sex.

48.     Johnson's sexually harassing conduct was severe and/or pervasive and regular.

49.     Johnson's sexually harassing conduct detrimentally affected Lee and would detrimentally affect a reasonable person of the same sex in Lee's position.

50.     Defendants violated Title VII, the PHRA, and the PFPO.

51.     Johnson aided and abetted TUCS' unlawful treatment of Lee in violation of the PHRA and the PFPO.

52.     Defendants' conduct has been intentional, deliberate, willful, and with callous disregard of Lee's rights.

53.     Defendants' actions detrimentally affected Lee and have caused Lee to suffer from emotional distress and lost wages.

**Count III**
**Sex Discrimination**

54.     Paragraphs 1 through 53 are incorporated herein by reference as though set forth in full.

55.     As averred above, Lee is female.

56.     As averred above, at all relevant times, Lee was qualified for her position.

57.     As averred above, upon information and belief, TUCS also fired Lee because she is a female with children.

58.     Defendants violated Title VII, the PHRA, and the PFPO.

59.     Johnson aided and abetted TUCS' unlawful treatment of Lee in violation of the PHRA and the PFPO.

60.     Defendants' conduct has been intentional, deliberate, willful, and with callous disregard of Lee's rights.

61.     Defendants' actions detrimentally affected Lee and have caused Lee to suffer from emotional distress and lost wages.

## PRAYER FOR RELIEF

WHEREFORE, Lee respectfully requests this Court to:

1.     Issue a Declaratory Judgment declaring that Defendants' actions as set forth in this Complaint are unlawful and violate Title VII, the PHRA, and the PFPO.

2.     Issue equitable/injunctive relief including:

(a)     Issue preliminary and permanent injunctions enjoining and restraining TUCS, its officers, agents, employees, and those acting in participation with TUCS, from engaging in any act or practice of harassment and discrimination against employees in violation of Title VII, the PHRA, and the PFPO.

(b)     Order TUCS to provide training to all employees on harassment and discrimination prevention and related compliance under Title VII, the PHRA, and the PFPO—with the training specifics to be tailored to the problems, deficiencies, and gaps that the evidence shows.

(c)     Order TUCS to electronically deliver to its employees a copy of the jury verdict and trial court judgment.

(d)     Order TUCS to report on the manner of compliance with the terms of any final order for non-monetary equitable relief issued under Title VII, the PHRA, and the PFPO—with the reporting specifics to be tailored based on the evidence.

(e)     Order TUCS to reinstate Lee upon such terms and conditions as will put Lee in the position she would have occupied had Defendants not unlawfully harassed and discriminated against her.

3.     Enter judgment in favor of Lee and against Defendants for back pay, including wages and fringe benefits.

4.     Enter judgment in favor of Lee for front pay in lieu of reinstatement.

5.     Enter judgment in favor of Lee and against Defendants for compensatory damages for emotional distress, mental anguish, humiliation, embarrassment, and loss of dignity.

6.     Enter judgment in favor of Lee and against Defendants for punitive damages, as allowable by law.

7.     Award Lee reasonable attorney's fees together with the costs of this action.

8.     Award Lee pre-judgment and post-judgment interest.

9.     Enter judgment in favor of Lee for any other monetary losses as a direct result of Defendants' violation of Title VII, the PHRA, and the PFPO, including but not limited to negative tax consequence damages.

10.     Award such other and further legal and equitable relief as may be necessary and appropriate to redress fully the deprivation of Lee's rights, to prevent their recurrence in the future and to protect other employees from such unlawful behavior.

## **JURY DEMAND**

Plaintiff demands a jury to try all claims triable by jury.

Dated: January 1, 2023

Stephanie J. Mensing
PA ID No. 89625
Mensing Law LLC
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 586-3751; (215) 359-2741 fax
stephanie@mensinglaw.com
Attorney for Plaintiff